# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR E. NORTHERN,** | : | Civil No. 4:18-CV-1384 |
| **Plaintiff** | : | (Judge Brann) |
| v. | : | (Magistrate Judge Carlson) |
| **SUSQUEHANNA UNIVERSITY,** | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

**I.    Statement of Fact and of The Case**

This is a *pro se* employment discrimination lawsuit brought by the plaintiff, Victor Northern, who formerly worked at Susquehanna University. Northern has filed an amended complaint, (Doc. 33), which is the operative pleading in this matter, but has randomly filed other documents which have purported to further amend or revise this amended complaint. (Docs. 37, 43, 44.)

Several of these post-complaint filings made essentially typographical corrections to the amended complaint. For example, one of these documents, (Doc. 37), simply purported to delete a paragraph, paragraph 61, which had been included in error in the amended complaint by Northern. A second filing by Northern merely

1

sought to correct a misnomer in paragraph 118 of the amended complaint, and correct that paragraph to state that the defendant, and not the plaintiff, is liable. (Doc. 44.) The last of Northern's *ad hoc* amendments to this amended complaint, however, presented matters of more substantive significance since Northern sought to add facts relating to a 2010 slip and fall negligence lawsuit brought by Northern against the University to this employment discrimination complaint. (Doc. 43.) Beyond illustrating that "there is an extensive history between the Plaintiff and the Defendant," (Doc. 43), it is unclear what legal, logical, topical or temporal relevance these averments have in the instant case.

Concerned that Northern appeared to be amending his amended complaint in this unusual and *ad hoc* fashion on a monthly basis, Susquehanna University moved to strike these procedurally irregular filings. (Doc. 45.) This motion is briefed by the parties and is therefore ripe for resolution.

For the reasons set forth below, the motion will be granted in part, and denied, in part as follows: The typographical and non-substantive corrections noted by Northern will be permitted, (Docs. 37 and 44), but the potentially substantive change proffered by Northern (Doc. 43) will be stricken without prejudice to Northern filing a motion to amend which complies with all of the requirements of the rules of this court.

## II. Discussion

Rule 12(f) of the Federal Rules of Civil Procedure generally governs motions to strike pleadings and provides, in part, that:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R.Civ. P. 12(f).

Rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), but the exercise of that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000).

In this case, the typographical corrections proposed by Northern are neither substantive nor are they potentially prejudicial. (Docs. 37 and 44.) Therefore, they will be permitted. In contrast, the last of Northern's *ad hoc* amendments to this amended complaint involves matters of potentially substantive significance since Northern sought to add facts relating to a 2010 slip and fall negligence lawsuit brought by Northern against the University to this employment discrimination complaint which Northern has stated pertains to events that span from March 2016 to November 2017. (Doc. 43.) As to this final, procedurally irregular amendment, we find that beyond suggesting that "there is an extensive history between the Plaintiff and the Defendant," (Doc. 43), it is unclear what legal, logical, topical or temporal relevance these averments have in the instant employment discrimination case. Therefore, we will strike this proffered amendment as immaterial, but strike this pleading without prejudice to Northern seeking to amend this complaint. However, Northern is instructed that any future requests to amend must be made by motion, and must comply with Local Rule 15.1:

which provides as follows:

**LR 15.1 Amended Pleadings.**

**(a) Proposed amendment to accompany the motion.**

When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion. If the motion is granted, the clerk shall forthwith file the amended pleading. Unless otherwise ordered, an amended pleading that does not add a new defendant shall be deemed to have been served for the purpose of determining the time for response under Fed.R.Civ.P. 15(a), on the date the court grants leave for its filing. A party granted leave to amend its pleading, when the amended pleading would add a new defendant, shall file and effect service of the amended pleading within thirty (30) days after the date of the Order granting leave for its filing.

**(b) Highlighting of amendments.**

The party filing the motion requesting leave to file an amended pleading shall provide: (1) the proposed amended pleading as set forth in subsection (a) of this rule, and (2) a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type.

Local Rule 15.1.

This failure to comply with Local Rule 15.1, standing alone, justifies denial of leave to amend in the exercise of this court's discretion. Brooks–McCollum v. Emerald Ridge Serv. Corp., 563 Fed.Appx. 144, 147 (3d Cir.) cert. denied, 135 S.Ct. 143, 190 L.Ed.2d 46 (2014); Glunk v. Pennsylvania State Bd. of Med., No. 1:14–CV–659, 2015 WL 999135, at *1 (M.D.Pa. Mar. 5, 2015).

Turner v. Wetzel, No. 3:13-CV-2680, 2015 WL 5695305, at *3 (M.D. Pa. Sept. 28, 2015).

Finally, we will instruct Northern that any future amendment must be made by motion which complies with all of the requirements of the local rules as set forth above. Failure to comply with these requirements may result in denial of the requested amendment.

An appropriate order follows.

## III. <u>Order</u>

For the foregoing reasons, IT IS ORDERED that the Defendant's motion to strike (Doc. 45) is GRANTED in part, and DENIED, in part as follows: The typographical and non-substantive corrections noted by Northern will be permitted, (Docs. 37 and 44), but the potentially substantive change proffered by Northern (Doc. 43) will be stricken without prejudice to Northern filing a motion to amend which complies with all of the requirements of the rules of this court. Finally, Northern is ORDERED that any future requests to amend must be made by motion which complies with all of the requirements of the local rules as set forth above. Failure to comply with these requirements may result in denial of the requested amendment.

So ordered this 26th day of April 2019.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
