# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR E. NORTHERN,** | : | Civil No. 4:18-CV-1384 |
| **Plaintiff** | : | (Judge Brann) |
| v. | : | (Magistrate Judge Carlson) |
| **SUSQUEHANNA UNIVERSITY,** | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

**I.    Statement of Fact and of The Case**

This is a *pro se* employment discrimination lawsuit brought by the plaintiff, Victor Northern, who formerly worked at Susquehanna University. Northern has filed an amended complaint, (Doc. 33), which is the operative pleading in this matter, but has randomly filed other documents which have purported to further amend or revise this amended complaint. (Docs. 37, 43, 44.) Concerned that Northern appeared to be amending his amended complaint in this unusual and *ad hoc* fashion on a monthly basis, Susquehanna University moved to strike these procedurally irregular filings. (Doc. 45.)  On April 26, 2019, We then permitted the typographical and non-substantive corrections noted by Northern in these pleadings

1

but ordered the potentially substantive change proffered by Northern stricken without prejudice to Northern filing a motion to amend which complies with all of the requirements of the rules of this court. We also carefully explained to Northern the requirements of the local rules with respect to submission of amended complaint. (Doc. 48.)

Notwithstanding this clear guidance, Northern has filed a motion to amend which does not comply with the requirements prescribed by this court, but instead merely randomly recites some additional facts that Northern deems pertinent to his case. (Doc. 55.) Since this motion to amend does not comport with the rules of this court or our prior guidance to Northern, the motion will be DENIED.

## II. Discussion

Northern has been instructed that any future requests to amend must be made by motion, and must comply with Local Rule 15.1 which provides as follows:

**LR 15.1 Amended Pleadings.**

**(a) Proposed amendment to accompany the motion.**

When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion. If the motion is granted, the clerk shall forthwith file the amended pleading. Unless otherwise ordered, an amended pleading that does not add a new defendant shall be deemed

2

to have been served for the purpose of determining the time for response under Fed.R.Civ.P. 15(a), on the date the court grants leave for its filing. A party granted leave to amend its pleading, when the amended pleading would add a new defendant, shall file and effect service of the amended pleading within thirty (30) days after the date of the Order granting leave for its filing.

**(b) Highlighting of amendments.**

The party filing the motion requesting leave to file an amended pleading shall provide: (1) the proposed amended pleading as set forth in subsection (a) of this rule, and (2) a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type.

Local Rule 15.1.

This failure to comply with Local Rule 15.1, standing alone, justifies denial of leave to amend in the exercise of this court's discretion. Brooks–McCollum v. Emerald Ridge Serv. Corp., 563 Fed.Appx. 144, 147 (3d Cir.) cert. denied, 135 S.Ct. 143, 190 L.Ed.2d 46 (2014); Glunk v. Pennsylvania State Bd. of Med., No. 1:14–CV–659, 2015 WL 999135, at *1 (M.D.Pa. Mar. 5, 2015).

Turner v. Wetzel, No. 3:13-CV-2680, 2015 WL 5695305, at *3 (M.D. Pa. Sept. 28, 2015). Furthermore, it is well settled that any: "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). See e.g., Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011). Therefore, in amending

this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains. This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

The pleading tendered by Northern as an amended complaint (Doc. 55-2) simply does not comply with any of the requirements of a proper amended complaint. Rather it merely recites some additional facts that Northern believes to

be relevant, factual matters that are presented without any temporal or topical context. Since the proposed amended complaint is improper, the motion to amend is DENIED.

### III. Order

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Amend (Doc,. 55) is DENIED and Northern is ORDERED that any future requests to amend must be made by motion which complies with all of the requirements of the local rules as set forth above. Failure to comply with these requirements may result in denial of the requested amendment.

So ordered this 25th day of June 2019.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge